MANUEL RODRÍGUEZ EMA, Plaintiff and Appellee, *v.* HÉCTOR
O. ALVAREZ, Defendant and Appellant.

No. 10151.   Argued March 6, 1950.—Decided March 9, 1950.

*F. Ponsa Feliú* and *Pedro E. Anglade.* for appellant.   *Rafael
Rodríguez Ema* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Manuel Rodríguez Ema filed a complaint for unlawful
detainer against Héctor O. Alvarez in the District Court of
San Juan, alleging that he had acquired the property he
sought to recover prior to July 17, 1947; that he had leased
said property to the defendant for a term of five years which
contract had expired on July 15, 1948; that he has not any
business similar to the one operated by the defendant; that
six month prior to the filing of the complaint he had served

written notice on the defendant of his need to occupy the leased premises for himself and, finally, that he needs in good faith said premises to occupy them personally for a business exclusively his own.

The defendant answered denying the allegations of the complaint, and as special defenses he alleged that the lease contract was extended by virtue of § 12 of Act No. 464 of April 25, 1946, as amended by Act No. 201 of May 14, 1948* (Reasonable Rents Act), for the terms fixed in § 1471 of the Civil Code and for the duration of the emergency period declared in the Act; that the plaintiff has other real properties; that the lease contract was not for a fixed term, except the first five years which expired on July 15, 1943, and since then it continued from month to month; that plaintiff brings this action in bad faith because the defendant requested the Insular Rent Control Division to reduce the rental.

After the trial, the court ordered the eviction of the defendant granting him 90 days after the judgment became final to vacate the premises. Feeling aggrieved by this judgment the defendant appealed to this Court and in his brief he charges the trial court with the commission of three errors which may be summarized in that it committed error in the weighing of the evidence in deciding that it conforms to the requisites contained in the Reasonable Rents Act, *supra.*

Appellant mainly argues that it was not proved here that the plaintiff needed in good faith the leased premises to occupy them personally with a business exclusively of his own. Let us examine the provisions of the Reasonable Rents Act.

Sections 12 and 12–A7 of said Act, as amended by Act No. 201 of 1948 provide:

"Section 12.—Regardless of the date of construction or occupancy of both dwellings and business premises, and irrespective of any change of landlord or nominal lessor, the lease contract shall, on the day of expiration agreed upon therein, be compulsorily extended by the lessor at the option of the tenant

or lessee, without altering any of the clauses thereof, all of which shall be deemed in force. The foregoing is applicable both to written and oral contracts and the extension shall be understood for the terms fixed by Section 1471 of the Civil Code, but never for a period longer than the duration of the emergency declared in this Act. Said extension is also applicable to leased lots whereon buildings belonging to an owner other than the owner of the lot are erected."

"Section 12-A.—As exceptions to the provisions of the preceding section, the lessor may refuse the extension of the lease contract and, consequently, commence unlawful detainer proceedings only in the following cases:

". . . . . . . .

"7. Whenever he needs for himself, in good faith, the commercial or business premises. In order that this exception may lie, the following conditions shall concur:

"*a*. That the lessor has acquired the property prior to July 17, 1947, the date of effectiveness of The Reasonable Rents Act as regards commercial and business premises, and that the premises were leased for a fixed period, and the term of the lease has expired.

"*b*. That the lessor has not in the same locality, a business of the same kind as the one operated by the tenant or similar thereto established in a building of his own or a building belonging to another.

"*c*. That the lessor is interested in the premises to occupy them personally with a business exclusively of his own.

"*d*. The mere fact that the lessor wishes or needs to extend his business shall not be sufficient cause to justify his necessity of occupying the premises he may have leased.

"*e*. The lessor shall give the affected tenant authentic written notice of his need to occupy the premises for himself, and shall require said tenant to vacate the same, all at least six months in advance of the date when the tenant receives the notice to vacate.

"*f*. If within ninety (90) days after the premises are vacated, and without just cause, the same are not occupied and opened to the public by the lessor, the tenant may recover from the lessor indemnification for the damages actually sustained by reason of the ejectment, in a sum which shall never be less than three months' rent, plus costs and plaintiff attorney's fees. If at any time during the twelve months following the date on

which the tenant vacated the premises, the lessor assigns or leases same to another person, he shall indemnify the tenant for the damages caused him, which shall be fixed at a sum which shall in no case be less than two hundred (200) dollars, or six months' rent, whichever is greater, plus costs and plaintiff attorney's fees as fixed by the court. The foregoing is without prejudice to the liability fixed for the lessor by Section 12-J."

These amendments to the Sections of the Reasonable Rents Act were enacted by the Legislative Assembly after the case of *Rivera v. R. Cobián Chinea & Co.*, 69 P.R.R. 625, was initiated and hence, none of the questions raised and decided therein arise here. The only one with which we are met here involves the rule to be followed in order to determine the good faith of the plaintiff. It is the Act itself which in its § 12–A7, *supra*, details the circumstances that must concur, which must be alleged and proved in order that the action may be successful. In the case at bar the sufficiency of the complaint is not challenged and with respect to the evidence, after thoroughly examining the transcript of the evidence presented by the parties, we think that it is sufficient. All of the allegations of the complaint were proved, with the single modification that the five-year lease contract entered into by the parties expired in 1943 and not in 1948 as alleged in the complaint, since its renewal for another five years was not properly proved although there was evidence tending to show this fact. This modification, however, does not affect plaintiff's cause of action since upon the expiration of the contract for a fixed term, either in 1943 or in 1948, the lease continued from month to month pursuant to § 1471 of the Civil Code cited in § 12, *supra*, inasmuch as the rental fixed was paid monthly. And even if no contract for a fixed term had ever existed, the plaintiff would also have been able to dispossess, under the fourth paragraph of § 12–B of the Reasonable Rents Act added by Act No. 201 of 1948, *supra*, which insofar as pertinent, provides that:

"In the cases provided in paragraphs 7 and 8 of Section 12-A, if there should exist a fixed-term contract, he may not do so [the lessor may resolve the contract and, consequently, commence unlawful detainer proceedings][1] until after the date fixed for the expiration of the contract, and if a fixed-term contract does not exist, he may not do so until after the terms stated in paragraphs 7e and 8d of Section 12-A have elapsed."

And it having been proved that he served notice in writing to the defendant more than six months in advance to the commencement of the action, of his intention to occupy the leased premises, he complied with the requisite contained in subdivision 7e of § 12–A, *supra*.

Appellant complains that the lower court stated in its judgment [2] that in these cases the bad faith of a plaintiff was quite hard to prove since "the case in which the bad faith of the lessor may be proved, prior to the eviction of the tenant, is an exceptional case" and that is why the Act itself imposes penalties on the lessor who evicts a tenant in bad faith, such penalties representing the real protection of the tenant. These statements of the court possibly reflect the result of what experience shows and the law and the decisions demand with respect to the evidence necessary in order to prove an action in bad faith. However, that does not mean that it was not proved here that the plaintiff acted in good faith for the court stated in its judgment that "the plaintiff proved his allegations" thus resolving the conflict in the evidence in favor of the plaintiff and disbelieving the evidence for the defendant.

The judgment will be affirmed.

[1] This phrase appears in the first paragraph of § 12-B.
[2] The lower court rendered no opinion.